# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No.1604016007 |
| | ) | |
| JOSHUA GONZALEZ | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 1, 2019
Decided: April 18, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Brian Arban, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Joshua Gonzalez, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*

**MAYER,** Commissioner

This 18th day of April, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY[1]

Joshua Gonzalez ("Defendant") was convicted, after a jury trial, of nine (9) felony charges including Murder in the First Degree and Attempted Murder in the First Degree.

Defendant's conviction was affirmed on appeal on November 15, 2018. On November 28, 2018, Defendant filed a Motion for Postconviction Relief (the "Motion"),[2] presenting the following arguments for consideration: (1) trial counsel was ineffective because there was evidence that could have helped his case but not presented; and (2) trial counsel was not focused on the case because he was going through personal problems. The record was expanded and trial counsel submitted an Affidavit[3] and the State filed a Response.[4] The record is now complete. In consideration of the record in this matter and the briefs submitted by the parties, I

---

[1] The facts set forth below are predominantly taken from the Delaware Supreme Court's decision affirming the underlying conviction and/or the State's Response. *See Gonzalez v. State,* 201 WL 6015782 (Del. Nov. 15, 2018) and D.I. # 108.

[2] D.I. # 101. Defendant did not file a motion requesting the appointment of counsel.

[3] D.I. # 107.

[4] D.I. # 108. Defendant was afforded an opportunity to file a reply, but did not submit a responsive pleading for consideration.

recommend that the Motion be denied.

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[5] This is Defendant's first motion for post-conviction relief and it was timely filed.[6] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[7] However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[8]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(2) (If the defendant files a direct appeal, the judgment of conviction becomes final when the mandate is issued).

[7] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

[8] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

actual prejudice.[9] The court must be persuaded that the alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment.[10] Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[11] The test is not whether the Defendant can demonstrate that the error had some "conceivable effect" on the outcome but rather whether the error undermined the reliability of the result of the proceeding.[12] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Mere allegations of ineffectiveness or conclusory statements will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[14]

Defendant presents two claims implying trial counsel was ineffective for

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[10] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[11] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[12] *Strickland*, 466 U.S. at 693.

[13] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[14] *Strickland*, 466 U.S. at 687-88, 694; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

either failing to present evidence that may have aided his defense or because he lacked the necessary focus to fully represent his interests. According to the Affidavit, trial counsel is "unaware of any exculpatory evidence in this case." Trial counsel further attests that he had adequate time to prepare for trial and nothing affected his ability to represent Defendant. The State's Response supports an extensive evidentiary presentation at trial, that trial counsel moved for a judgment of acquittal, and the Court engaged in a colloquy with Defendant regarding his strategic decision not to testify. In contrast, Defendant does not identify the evidence he believes was omitted or specifically how he believes trial counsel erred in his representation. Defendant's failure to articulate with specificity what trial counsel allegedly failed to do, or what he should have done differently, is fatal to his Motion. Further, Defendant has not identified how counsel's allegedly deficient conduct resulted in actual prejudice.[15] Defendant has not met either prong of the *Strickland* standard, and has not proven ineffective assistance of counsel.

---

[15] *Dawson*, 673 A.2d at 1196 ("This Court has held that, for a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegation of actual prejudice and substantiate them or risk summary dismissal.") (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Katharine L. Mayer

cc: Original to Prothonotary
Brian Arban, Esquire, Deputy Attorney General (w/encl.)
Peter Veith, Esquire (w/encl.)
Mr. Joshua Gonzalez (SBI No. 00756236) (w/encl.)